# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2021 WY 1

*October Term, A.D. 2020*

*January 6, 2021*

**RUSSELL JOHN RAYDA,**

**Appellant**
**(Defendant),**

**v.**                                                                  **S-20-0133**

**THE STATE OF WYOMING,**

**Appellee**
**(Plaintiff).**

### ORDER AFFIRMING THE DISTRICT COURT'S JUDGMENT AND SENTENCE

[¶ 1]   **This matter** came before the Court upon its own motion following notification that Appellant has not filed a *pro se* brief within the time allotted by this Court.  Appellant entered unconditional guilty pleas to (1) possession of marijuana, a fourth offense felony and (2) driving while under the influence, a misdemeanor.  Wyo. Stat. Ann. § 35-7-1031(c)(i)(A); § 31-5-233.  On the felony, the district court imposed a three to five-year sentence, with the misdemeanor sentence to run concurrently.  Appellant filed this appeal to challenge the district court's March 17, 2020, "Judgment, Sentence and Order of Incarceration."

[¶ 2]   On July 28, 2020, Appellant's court-appointed appellate counsel filed a "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).  This Court subsequently entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief."  On September 14, 2020, Appellant filed a *pro se* letter that described his claims.  On September 29, 2020, this Court entered its "Order Denying Permission for Court-Appointed Counsel to Withdraw and Order Requiring Further Briefing."  This Court noted that, pursuant to the *Anders* briefing procedure, appellate counsel is required to "refer[] to anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. at 744, 87 S.Ct. at 1400.  This Court concluded appellate counsel should have discussed the potential merit of a motion to

suppress.  This Court noted that, even in a case involving an unconditional guilty plea, an appellant may claim trial counsel was ineffective in failing to file a motion to suppress evidence.  *See Kitzke v. State*, 2002 WY 147, ¶¶ 8-12, 55 P.3d 696, 699-701 (Wyo. 2002).

[¶ 3]   Next, on October 29, 2020, Appellant's court-appointed appellate counsel filed another "Motion to Withdraw as Counsel," pursuant to *Anders v. California*, along with a supplemental *Anders* brief.  This Court subsequently entered an "Order Granting Motion for Extension of Time to File *Pro Se* Brief," which provided Appellant another opportunity to file a *pro se* brief "specifying the issues he would like the Court to consider in this appeal."  This Court also provided notice that, after the time for filing a *pro se* brief expired, this Court would "make its ruling on counsel's motion to withdraw and, if appropriate, make a final decision" on this appeal.  This Court notes that Appellant did not file a *pro se* brief or other pleading in the time allotted.

[¶ 4]   Now, following a careful review of the record, the initial *Anders* brief submitted by appellate counsel, the supplemental *Anders* brief, and Appellant's *pro se* letter, this Court finds appellate counsel's motion to withdraw should be granted and that the district court's "Judgment, Sentence and Order of Incarceration" should be affirmed.

[¶ 5]   **ORDERED** that the Wyoming Public Defender's Office, court-appointed counsel for Appellant Russell John Rayda, is hereby permitted to withdraw as counsel of record for Appellant; and it is further

[¶ 6]   **ORDERED** that the Albany County District Court's March 17, 2020, "Judgment, Sentence and Order of Incarceration" be, and the same hereby is, affirmed.

[¶ 7]   **DATED** this 6th day of January, 2021.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**